UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY DARLENE WEICHBRODT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-360-R |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is State Farm's Motion to Compel [Doc. No. 27]. The motion indicates that Plaintiff failed to serve responses to State Farm's interrogatories, requests for production, and request to permit entry. Plaintiff responded in opposition [Doc. No. 28] arguing that the motion was moot because she has now served her responses. State Farm submitted a reply [Doc. No. 29] and the matter is now at issue.

Plaintiff does not dispute the procedural history set out in State Farm's motion. Plaintiff sought an extension of the response deadline to which State Farm agreed, but Plaintiff failed to submit responses by the deadline. However, because Plaintiff has now provided responses, State Farm's request to compel responses is denied as moot. State Farm's request to deem the objections waived, *see* Fed. R. Civ. P. 33(b)(4), is also denied as this request was belatedly raised in their reply brief.

State Farm's request for attorney's fees is granted. Federal Rule of Civil Procedure 37(a)(5) provides that when discovery is provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court must not order fees "if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, there is no question that Plaintiff provided discovery responses after State Farm filed its motion to compel. The Court is therefore required to award State Farm its reasonable expenses unless one of the grounds enumerated in Rule 37(a)(5) is present. As to the first ground, the evidence establishes that State Farm attempted to confer with Plaintiff, and those efforts were rebuffed. As to the second and third grounds, Plaintiff states that she was out of the country for several weeks with limited communication. That does not substantially justify her failure to respond by the extended deadline or explain why she did not attempt to obtain another extension of the deadline. Further, State Farm's alleged conduct in other cases does not relieve Plaintiff of her discovery obligations. Plaintiff has not shown that the failure to respond was substantially justified or that there are other circumstances that make an award of fees unjust.

Accordingly, as set out above, State Farm's Motion to Compel is granted in part and denied in part. State Farm is directed to submit evidence of its reasonable expenses associated with bringing the motion to compel within fourteen days of the date of this Order. Any objection to as to the amount of the request shall be filed seven days thereafter.

IT IS SO ORDERED this 7th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE