**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

NANCY DARLENE WEICHBRODT,    )
                             )
           Plaintiff,        )
                             )
vs.                          )    Case No. CIV-25-360-R
                             )
STATE FARM FIRE AND          )
CASUALTY COMPANY,            )
                             )
           Defendant.        )

## ORDER

Before the Court is State Farm's Application for Fees [Doc. No. 32], to which Plaintiff responded in opposition [Doc. No. 33].

In a prior order, the Court granted State Farm's motion to compel and awarded attorneys' fees under Fed. R. Civ. P. 37(a)(5). In its present application, State Farm seeks an award of $2,720.50 and has supported its request with a declaration from counsel and detailed billing records. Plaintiff objects to the requested amount, arguing that it is excessive given the limited legal complexity of the filings and the fact that State Farm's briefing was nearly identical to the briefing in another, similar case pending before the undersigned. *See Newell v. State Farm*, CIV-25-562-R (W.D. Okla.).

Rule 37(a)(5) permits the payment of "reasonable expenses" incurred in making a motion to compel. "The lodestar figure—reasonable hours times reasonable rate—is the mainstay of the calculation of a reasonable fee." *Anderson v. Sec'y of Health & Hum. Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996). "The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable." *Pistone v. New Mexico Pub.*

*Def. Dep't*, No. 13-CV-0920 MV/SMV, 2015 WL 13666991, at *1 (D.N.M. Feb. 25, 2015) (citing *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998)). Several factors can bear on whether the hours expended on a particular task are reasonable and a fee request may be reduced if it includes "hours that were unnecessary, irrelevant and duplicative." *Case*, 157 F.3d at 1250 (quotation marks omitted). Importantly, "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

State Farm's declaration sets out the hourly rates charged by each attorney or paralegal that worked on the matter. Based on its own knowledge of the prevailing rates in this community for work performed by attorneys and legal staff with similar skill and experience, the Court finds that the hourly rates are reasonable. However, the Court agrees with Plaintiff that the requested fee amount appears excessive. The issues involved in the motion to compel were not particularly complex, the briefing was not lengthy, and there was substantial duplication between the briefing in this action and the *Newell* action. To address this issue, the Court finds that a 50% reduction in the requested fee is warranted. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.").

The Court therefore exercises its discretion to reduce the fee award to $1,360. Plaintiff's counsel shall deliver a check or other form of appropriate payment to Defendant's counsel within 21 days of the date of this Order.

IT IS SO ORDERED this 7th day of May, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**